UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Disability Support Alliance,　　　　　　　　　　Case No. 0:14-cv-03345-MJD-SER
o/b/o its members; and
Zach Hillesheim,

　　　　　　　Plaintiffs,

　v.　　　　　　　　　　　　　　　　　　　　　　**ANSWER**

El Rancho #2 Corp.; and
Maria Leon,

　　　　　　　Defendants

---

　　　Defendants El Rancho II Corp.; and Maria Leon, for their Answer to the Complaint herein, state and allege as follows:

　　　1)　Unless hereinafter admitted, qualified or otherwise answered, Defendants deny each and everything, matter and particular alleged in Plaintiffs' Complaint.

　　　2)　Defendants admit the allegations in paragraphs 11, 28, and 29, of the Complaint.

　　　3)　Defendants deny the allegations set forth in paragraphs 1, 2, 3, 31, 36, 50, 55, 59, 61, 62, 63, 68, 70, 71, and 72 of the Complaint.

　　　4)　Defendants lack sufficient information to admit or deny the allegations set forth in paragraphs 7, 8, 9, 12, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 32, 33, 49, 51, 53, 54, of the Complaint.

　　　5)　Defendants do not believe that a response is required to the introductory paragraph on page 1 of the Complaint, or paragraph 37, including subparts (a) through (e)

1

inclusive, paragraph 38, including subparts (a) through (c) inclusive, paragraphs 39, 40, 41, 42, 43, 44, 45, 46, 47, 52, 56, 57, 58, 65, 66 or 67, but to the extent that a response is required, each element of said paragraphs is denied.

6) With respect to paragraph 5 of the Complaint, Defendants admit only that this Court's jurisdiction arises under 28 U.S.C. §§1331 and 1343(a)(3) and that this action includes federal claims brought pursuant to Title III of the Americans with Disabilities Act (hereinafter "ADA"). Defendants are without sufficient information to admit or deny all remaining allegations contained in paragraph 5 and therefore put Plaintiffs to their strictest proof thereof. Defendants aver that no acts or omissions under the ADA or the ADA Accessibility Guidelines (hereinafter "ADAAG") have occurred giving this Court jurisdiction.

7) With respect to paragraph 6 of the Complaint, Defendants admit only that Defendants are located in, transact business within and have sufficient contacts within this judicial district to be subject to personal jurisdiction. Defendants deny all remaining allegations contained in paragraph 6. Defendants aver that no acts or omissions under the ADA or ADAAG have occurred to venue this matter in this judicial district.

8) With respect to paragraph 10 of the Complaint, Defendants admit only that Defendant El Rancho #2 Corp. is a Minnesota business corporation with its principle place of business at 1419 East College Drive, Marshall, Minnesota, and that Defendant El Rancho #2 Corp. is the lessee and/or operator of the real property improvements which are the subject of this action and which are also located at the street address of 1419 East College Drive, Marshall, Minnesota. Defendants are without sufficient information to

admit or deny all of the remaining allegations contained in paragraph 10 and therefore put Plaintiffs to their strictest proof thereof.

9) With respect to paragraph 13 of the Complaint, Defendants are without sufficient information to admit or deny that when Plaintiff Hillesheim arrived at the El Rancho at the date in question whether he used the parking lot at the rear entrance of the restaurant. Defendants admit all remaining allegations contained in paragraph 13.

10) Defendants deny all those allegations contained in paragraph 14 and 15 of the Complaints to the extent that such allegations allege that said parking spaces do not conform with the ADA or the ADAAG. Defendants aver that any blockage of the parking spaces described in paragraphs 14 and 15 was temporary while vehicles were being unloaded from a transport trailer. Defendants further aver that temporary blockage by vehicles preventing access does not constitute non-compliance with the ADA or the ADAAG. Defendants are without sufficient information to admit or deny all remaining allegations in paragraphs 14 and 15 and put Plaintiffs to their strictest proof thereof.

11) Defendants deny that portion of paragraph 21 of the Complaint alleging that Defendants' employee refused to take action on Plaintiff Hillesheim's request. Defendants are without sufficient information to admit or deny all remaining allegations contained in paragraph 21 and put Plaintiffs to their strictest proof thereof.

12) With respect to paragraph 22 of the Complaint, Defendants deny that anyone approached Plaintiff Hillesheim's vehicle, pounded on the vehicle's windows, or yelled at said Plaintiff. Defendants are without sufficient information to admit or deny all

remaining allegations contained in paragraph 22 and put Plaintiffs to their strictest proof thereof.

13)     With respect to paragraph 30 of the Complaint, Defendants admit only that the back entrance features a ramp. Defendants deny each and every remaining allegation contained in paragraph 30.

14)     With respect to paragraph 34 of the Complaint, Defendants are without sufficient information as to whether said Plaintiff visited any of the El Rancho's restrooms on the dates in question and put Plaintiffs to their strictest proof thereof. Defendants deny that the El Rancho's handicapped accessible restroom: a) is too narrow; b) the sink had uninsulated pipes; or c) other amenities were inaccessibly high. Defendants aver that none of the Plaintiffs visited El Rancho's handicap accessible restroom.

15)     Defendants deny that portion of paragraph 35 of the Complaint alleging architectural barriers at the El Rancho deter Plaintiffs from visiting the El Rancho. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 35 and put Plaintiffs to their strictest proof thereof.

16)     Defendants deny the allegations contained in paragraph 48 of the Complaint and specifically:

   a)     Deny the allegations contained in paragraph 48(a). Defendants aver that the referenced side-entrance ramp has a slop of less than 1:12 which is complaint with ADAAG §405, and if not, is within the exception set forth in

ADAAG §405.2, and therefore qualifies as an accessible entrance under §§206.4 and 404 of the ADAAG.

  b)  Deny the allegations contained in paragraph 48(b). Defendants aver that the referenced parking spaces have appropriate access aisles as alleged in paragraph 13 of the Complaint, and that any alleged obstruction of said access aisles was temporary in nature due to vehicles being temporarily parked near said parking spaces on August 4, 2014. Defendants futher aver that said parking spaces conform to ADAAG §502.2, including the exception thereto.

  c)  Deny the allegations contained in paragraph 48(c). Defendants aver that none of the Plaintiffs visited or utilized the El Rancho's Rancho's handicap accessible restroom. Defendants further aver that the handicap accessible restroom has no stall or stall dividers to be in violation of ADAAG §604.8.

  d)  Defendants deny the allegations contained in paragraph 48(d). Defendants aver that none of the Plaintiffs visited or utilized the El Rancho's Rancho's handicap accessible restroom. Defendants further aver that the handicap accessible bathroom's plumbing for the sink are insulated and configured to protect against contact as required under ADAAG §606.6.

17) Defendants deny all allegations contained in paragraph 60 of the Complaint. Defendants aver that Defendants, and each of them, never received any prior notice from Plaintiffs, or any other individual or agency informing Defendants of alleged non-compliance with the ADA and ADAAG, nor seeking to remedy any alleged violations through negotiation and voluntary compliance. Defendants further aver that as

the remedies for private individuals or advocacy groups serving as plaintiffs in an ADA action pursuant to 42 U.S.C. §§12181 – 12-189, are limited to injunctive relief, and reimbursement of said plaintiffs attorney's fees and litigation costs, it is only the Plaintiff's attorney that stands to financially gain from said actions when filed and served before any attempt is made to review or remedy ADA and ADAAG related concerns via negotiation and voluntary compliance.

18) Defendants deny all of the allegations contained in paragraph 64 of the Complaint.

19) Defendants deny all of the allegations contained in paragraph 69 of the Complaint. Defendants aver that Defendants, and each of them, never received any prior notice from Plaintiffs, or any other individual or agency informing Defendants of alleged non-compliance with the MHRA, nor seeking to remedy any alleged violations through negotiation and voluntary compliance before the above-caption lawsuit was filed and served upon Defendants.

20) Defendants deny all of the allegations contained in paragraph 73 of the Complaint.

21) With respect to the relief requested in paragraph 4 of the Complaint and on pages 19 and 20 (specifically paragraphs a. through e., inclusive) of the Complaint, no response is required, but to the extent a response is required, Defendants deny Plaintiffs are entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a cause of action upon which relief can be granted.

2. Service of process was insufficient.

3. Plaintiffs have failed to make demand upon Defendants to correct alleged violations.

4. Plaintiffs have failed to comply with 42 USC §12188(a)(i) requiring Plaintiffs to have actual notice that Defendants do not intend to comply with the provisions of the ADA or ADAAG.

5. Defendants reserve the right to plead additional affirmative defenses that may become available to them later, as a result of subsequent Discovery.

WHEREFORE, Defendants respectfully request the following relief:

1. That Plaintiffs' Complaint be dismissed in its entirety with no costs or awards to Plaintiffs.

2. That the Court award Defendants their costs and disbursements associated with their response to and defense against this Complaint.

3. That the Court award Defendants their reasonable attorney's fees associated with their response to and defense against this Complaint.

4. For such other and further relief as the Court may deem just and equitable.

Dated this 26th day of September, 2014.

STONEBERG, GILES & STROUP, P.A.

By: s/Ronald E. Seanor
　　　Ronald E. Seanor (Atty Reg. No. 317962)
　　　Kevin K. Stroup (Atty Reg. No. 170094)
Attorneys for Defendants
300 South O'Connell Street
Marshall, Minnesota 56258
Telephone: (507) 537-0591